## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| GEORGE W. ROBINSON, JR. AND | * | |
|---|---|---|
| DEMETRA PARSONS ROBINSON | * | |
| | * | |
| | * | |
| v. | * | CIVIL ACTION |
| | * | NO. 13-cv-375 -JWD-RLB |
| | * | |
| CITY OF BATON ROUGE AND THE | * | |
| PARISH OF EAST BATON ROUGE, ET AL. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' TRIAL BRIEF REGARDING IMPACT OF RULING ON MOTION FOR SUMMARY ON DEFENDANTS' *DAUBERT* MOTION

**MAY IT PLEASE THE COURT:**

The Defendants, the City of Baton Rouge/Parish of East Baton Rouge and the Planning and Zoning Commission for the City of Baton Rouge and East Baton Rouge Parish, respectfully submit this Trial Brief regarding the impact of this Court's Ruling on Defendants' *Daubert* Motion.

On October 7, 2016, Defendants filed a *Daubert* Motion to Exclude the Expert Report and Testimony of David Lakvold. (Rec. Doc. 101).

On October 22, 2016, this Court issued its ruling on Defendants' Motion for Summary Judgment, granting it in part and denying it in part. (Rec. Doc. 115). In the part consisting of its denial, this Court found that trial will proceed on the following claims: (1) the as applied (*Penn Central*) takings claim, (2) the *Monell* claim, and (3) the state law takings claim. The Court further ordered the parties to file into the record a trial brief addressing how this ruling impacts the parties' currently pending motions in limine.

As it stands now, Defendants' assert that the ruling on the Motion for Summary Judgment highlights the importance of Defendants' *Daubert* Motion which seeks to exclude the expert's report

and testimony. Specifically, this Court's ruling on the as applied takings claim and the state law takings claim goes to the issue of the subject property's depreciation in value.

The as applied takings claim utilizes the three part test set forth in *Penn Central*. *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 125, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). In its ruling, this Court found that two factors under *Penn Central* slightly favored the Plaintiffs' position and the third part favored Defendants' position.

The first factor, the economic impact of the City's regulation on Plaintiffs' property, will rely on Plaintiffs proving that their property at issue diminished in value[1]. Although this Court acknowledged that the Plaintiffs' expert report "demonstrates that the land actually **increased** in value after the denial," the Defendants maintain that a ruling on the *Daubert* Motion is necessary because of the erroneous calculation used to measure damages and clear contradictions set forth in the expert's report.

The second factor addresses whether "the governmental action involved "can be characterized as novel and unexpected," or whether it is "within traditional boundaries" of the exercise of government power." *See Shanghai Power Co. v. United States*, 4 Cl. Ct. 237, 243 (1983), *aff'd mem.*, 765 F.2d 159 (Fed.Cir.), *cert. denied*, 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 243 (1985). Simply put, when buying a piece of property, one cannot reasonably expect that property to be free of government regulation such as zoning or tax assessments. *See Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1090 (9th Cir. 2015). Since this factor more so relies

---

[1] As stated in this Court's ruling on the Motion for Summary Judgment, lost profits are typically not considered. *Citing Hackbelt 27 Partners, L.P. v. City of Coppell*, No. 15-11109, 2016 WL 5396660, at *5 (5th Cir. Sept. 27, 2016) and *Rose Acre Farms, Inc. v. United States*, 559 F.3d 1260, 1268 (Fed. Cir. 2009).

upon the Plaintiffs' experience as land developers and their ability to develop the property, land valuation of the subject property may not play a role.

Likewise, the third factor of the *Penn Central* analysis is the character of the government action which does not launch a query into the value of the subject property.

The *Monell* claim also does not rely on the value of the subject property; therefore, it does not need to be considered in relation to Defendants' *Daubert* motion.

The Plaintiffs' State Law Takings Claim does require an inquiry be made into a *major portion* of the subject property's deprivation in value. Although, on its face, the expert's report clearly concludes that the subject property **increased in value after the denial**, which, as already stated by this Court, "would tend to undercut the expert's conclusions." (Rec. Doc. 115, p. 73).

Thus, Defendants' maintain that their *Daubert* Motion requires a ruling as this Court's ruling on the Motion for Summary Judgment did not dispose of the issues that rely upon the subject property's value.

Respectfully submitted,
**LEA ANNE BATSON, PARISH ATTORNEY**

*/s/Courtney K. Humphrey*
Paolo J. Messina, Bar Roll No. 26422
Tedrick E. Knightshead, Bar Roll No. 28851
Alan Gregory Rome, Bar Roll No. 21062
Courtney K. Humphrey, Bar Roll No. 30818
Ashley W. Beck, Bar Roll No. 30180
222 St. Louis Street
Room 902
P.O. Box 1471
Baton Rouge, LA 70802
Telephone:   (225) 389-3114
Facsimile:   (225) 389-5554
Email:       pmessina@brgov.com
             chumphrey@brgov.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Defendants' Trial Brief Regarding Impact of Ruling on Motion for Summary Judgment on Defendants' *Daubert* Motion was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all participating by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 24th day of October, 2016.

/s/Courtney K. Humphrey

COURTNEY KING HUMPHREY