# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE W. ROBINSON, JR., ET AL. | CIVIL ACTION |
| v. | NO. 13-375-JWD-RLB |
| CITY OF BATON ROUGE AND THE PARISH OF EAST BATON ROUGE, ET AL. | |

## AMENDMENT TO RULING AND ORDER

This matter is raised *sua sponte* concerning the Court's October 22, 2016, Ruling and Order (Doc. 115) on the Defendants' motion for summary judgment (Doc. 62).  The Court finds that an amendment should be made to that ruling. This amendment does not change the outcome of any issues addressed in the earlier ruling.

In Section IV.E.2 of the earlier ruling, the Court omitted any discussion about deliberate indifference.  The Fifth Circuit has explained:

> The third prong [of *Monell* analysis] requires a plaintiff to prove "moving force" causation. To succeed, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). That is, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* at 411, 117 S. Ct. 1382. Deliberate indifference is a high standard—"a showing of simple or even heightened negligence will not suffice." [*Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001)] (quoting *Brown,* 520 U.S. at 407, 117 S. Ct. 1382).

*Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).  Further:

> "Deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.  For an official to act with deliberate indifference, the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citations, quotations, and alterations omitted).

The Court finds that the Plaintiffs have demonstrated a genuine issue of material fact with respect to deliberate indifference.  Viewing the evidence in the record, a reasonable juror could conclude that the members of the Planning Commission who voted against the Plaintiffs' preliminary plat were aware of facts from which the inference could be drawn that there was a substantial risk of serious financial harm to the Plaintiffs and that they drew that inference. Indeed, the financial harm that would be caused by rejecting such a plat would be obvious to any Planning Commission member.  Accordingly, and for the reasons provided in the Court's earlier ruling, the Court rejects the Defendants' argument and finds that the Plaintiffs' *Monell* claim stands.

In all other respects, the Court's earlier Ruling and Order is adopted and affirmed.

Signed in Baton Rouge, Louisiana, on October 28, 2016.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**