# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE W. ROBINSON, ET AL. | |
| | CIVIL ACTION |
| v. | |
| | NO. 13-375-JWD-RLB |
| CITY OF BATON ROUGE AND THE PARISH OF EAST BATON ROUGE, ET Al. | |

## RULING AND ORDER

This matter comes before the Court on the *Motion to Tax Costs and To Award Attorneys' Fees* (Doc. 139) by the Defendants, City of Baton Rouge, et al. Plaintiffs George W. Robinson, Jr., and Demetra Parsons Robinson oppose the motion. (Doc. 142.) Defendants have filed a reply. (Doc. 145.) Oral argument is not necessary. Having carefully considered the law, facts in the record, and arguments and submissions of the parties, the motion is denied.

I.     **Background**

The Plaintiffs are real estate developers who attempted to develop a subdivision within the City/Parish. Pursuant to state and local law, they submitted a preliminary plat for approval to the City/Parish's Planning Commission. The Planning Commission denied approval. This suit ensued.

Plaintiffs originally asserted the following claims: (1) a writ of mandamus requiring the approval of preliminary plat; (2) declaratory relief finding that the Planning Commission acted improperly; (3) an unconstitutional taking under state law; (4) an inverse condemnation claim under federal law; (5) a substantive due process claim; and (6) a procedural due process claim. (Doc. 1-2.)

Defendants filed a motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 14.) The Court granted the motion with respect to the writ of mandamus and request for declaratory relief, but, in all other respects, the motion was denied. (Doc. 36.)

Defendants later moved for summary judgment. (Doc. 62.) After extensive briefing, which included a sur-reply by the Plaintiffs (Doc. 80), the Court granted the Defendant's motion in most respects, dismissing all claims except the regulatory taking claim under state and federal law. (Doc. 115.) The Court's extensive ruling was eighty-four pages. (*Id.*)

This matter was tried for three days beginning on October 31, 2016. (Docs. 130–32.) Again, the key question was whether the Plaintiffs suffered a regulatory taking under federal and state law. This complex legal question required a number of witnesses and difficult jury instructions. After the Plaintiffs rested, the Court denied a motion for judgment as a matter of law by the Defendants. The matter went to the jury shortly thereafter, and the jury returned a verdict in favor of the Defendants.

**II.     Arguments of the Parties**

Defendants seek attorneys' fees and costs. They initially ask for $100,000 in costs and attorneys' fees. Defendants specifically seek $25,000 in costs for transcripts, "expert witness fees," and "fees for depositions." Defendants also want $75,000 in attorneys' fees, purportedly under the lodestar method—$250 per hour for 300 hours worked, which they claim is well below the approximately 700 to 800 hours worked in total.

Plaintiffs respond that the motion should be denied in full. As to costs, Plaintiffs state that Defendants provide insufficient explanation for what they seek and ask for well more than what they are entitled to under the law.

Further, Plaintiffs assert that Defendants are not entitled to attorneys' fees because, legally,

in actions under 42 U.S.C. § 1983, prevailing defendants can recover attorneys' fees only if Plaintiffs' claims are "frivolous, unreasonable, or without foundation."  This is determined by evaluating, among other things, whether the plaintiff had established a prima facie case, whether the defendant had offered to settle, whether the court had dismissed the case or had a full trial, whether the claim was barred by state sovereign immunity, or whether the claim was moot. (*See* Doc. 142 at 4–6 (citations omitted).) Here, Plaintiff's survived a Rule 12(b)(6) challenge, the Court did not grant the Defendant's motion for summary judgment in full, and the Court denied Defendant's Rule 50 motion.  Further, the claims were not barred by state sovereign immunity and was not moot.  Thus, Plaintiffs claim, Defendants lack a legal basis for obtaining attorneys' fees.

Plaintiffs also maintain that Defendants are not entitled to attorneys' fees because Defendant has not submitted the proper documentation.  Thus, there is no factual basis for the request for attorneys' fees.

In closing, Plaintiffs argue that the Court should exercise its discretion to deny the motion *in toto*.  Plaintiffs contend that the Court should order each party to bear its own costs and attorneys' fees.

Defendants respond by submitting better evidence of costs and citing to out-of-circuit case law supporting an award of expert fees.  Further, Defendants provide more detailed records of its attorneys' fees and argue that Plaintiff's claims were "frivolous, unreasonable, or without foundation" because: (1) most of the claims were dismissed on summary judgment, (2) Defendant did offer to settle the case, and (3) Defendant rested without presenting any evidence, and nonetheless prevailed.

### III. Discussion

#### A. Attorneys' Fees

"In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). Under this statute, "[t]he district court should award the prevailing defendant attorney's fees only if the Plaintiffs' action was 'frivolous, unreasonable, or without foundation.'" *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999) (citing *White v. South Park Indep. School Dist.*, 693 F.2d 1163, 1169–70 (1982)). "A suit is frivolous if it is 'so lacking in arguable merit as to be groundless or without foundation. . . .'" *Walker*, 168 F.3d at 240 (quoting *Plemer v. Parsons–Gilbane*, 713 F.2d 1127, 1140–41 (5th Cir. 1983)). "In determining whether a suit is frivolous, the district court should look to factors such as whether the Plaintiffs established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial." *Walker*, 168 F.3d at 240 (citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)). Additionally, "[a] plaintiff's claim may be frivolous, unreasonable, or groundless if the claim is barred by state sovereign immunity, or is moot[.]" *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1652–53, 194 L. Ed. 2d 707 (2016) (citations omitted).

The Fifth Circuit "review[s] an award of attorney's fees under § 1988 for abuse of discretion. A district court abuses its discretion if it awards sanctions based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Walker*, 168 F.3d at 239 (citations and quotations omitted).

For the reasons advanced by the Plaintiffs, the Court finds that Plaintiffs' claims were not "frivolous, unreasonable, or without foundation." Nearly all of the Plaintiff's claims survived

4

the motion to dismiss stage; such claims were neither moot nor barred by sovereign immunity. Further, though most of Plaintiffs' claims were dismissed at the summary judgment stage, the Court still found that there were issues of fact as to the federal and state regulatory taking claims. At trial, the Court denied the Defendants' motion for judgment as a matter of law, and this ruling tacitly acknowledged that the Plaintiffs had established a prima facie case on its surviving claim. Even though Defendants offered to settle and even though Defendants rested their case without presenting evidence, a full trial was held and submitted to the jury. The fact that the jury sided with the Defendants on the difficult questions presented to it does not make the Plaintiffs' claims frivolous.

Under the circumstances of this case, and particularly given the complexity of the legal issues involved, the Court finds that the Plaintiffs' action was not "frivolous, unreasonable, or without foundation." As a result, the Defendants' motion for attorneys' fees is denied.

### B. Costs

Federal Rule of Civil Procedure 54(d)(1) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A "district court has broad discretion in taxing costs, and [the Fifth Circuit] will reverse only upon a clear showing of abuse of discretion." *S & D Trading Acad., LLC v. AAFIS Inc.*, 336 F. App'x 443, 450 (5th Cir. 2009) (citation omitted). "Moreover, within its wide discretion, a district court may order each party to bear its own costs." *S & D Trading Acad.*, 336 F. App'x at 450 (citation omitted); *see also Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir. 1976) (this Court has "discretion to order that each party bear part or all of its own costs").

Under the facts and circumstances of this case, the Court exercises its discretion to order each party to pay its own costs. The Court has considered some of the factors set forth in *Paheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006), in reaching its decision. In particular, this case involved close, complex, and difficult issues, as demonstrated by the lengthy ruling on the motion for summary judgment and the extensive and complicated jury charges. Additionally, the attorneys on both sides prosecuted their respective claims and defenses with exceptional skill, professionalism and good faith. While Plaintiffs did not prevail, it clearly had good faith grounds for pursuing its claims. For these additional reasons, Defendants' motion is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Tax Costs and To Award Attorneys' Fees* (Doc. 139) by the Defendants, City of Baton Rouge, et al. is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 22, 2017.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**